UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O. M. G., | No. 1:26-cv-00657-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| WARDEN, Golden State Annex, Detention Facility, et al. | |
| Respondents. | |

Petitioner, a noncitizen proceeding pro se, filed a Petition for Writ of Habeas Corpus on January 26, 2026, challenging his detention by immigration authorities.[1]

---

[1] Petitioner also seeks to proceed under his initials rather than his full name. (Pet. ¶ 1 n.1.) The Court grants Petitioner's request to use his initials. "The normal presumption is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted) (holding "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity"). Petitioner has sufficiently alleged the sensitive and highly personal nature of his request and Respondents do not oppose Petitioner's request. Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using initials for his name. The Court finds that good cause is met as the public's interest in knowing Petitioner's identity is outweighed by his need for anonymity. Accordingly, Petitioner's request to proceed under his initials is GRANTED.

1

The Court construed the Petition as a Motion for Temporary Restraining Order and directed Respondents to file an Opposition.  After Respondents failed to comply, the Court issued an Order to Show Cause.  On February 2, 2026, Respondents filed both a Response to the Order to Show Cause and their Opposition.  Because Respondents oppose the issuance of both a temporary restraining order and a preliminary injunction, in the interest of judicial economy, the Court converts Petitioner's filing to a Motion for a Preliminary Injunction and GRANTS the Motion.

**BACKGROUND**

Petitioner alleges he has been in the United States for 31 years.  (Pet. ¶ 23.)  He is married to a U.S. citizen and has four children who are U.S. citizens.  (*Id.*)  He alleges that he has a pending I-130 application and has requested asylum.  (*Id.* ¶ 18.)  He contends that he was released on bond from Adelanto Detention Center in 2018 after spending 9 months in the facility.  (*Id.* ¶ 23.)  He alleges that he does not have any "new charges o[r] convictions" and that his family is suffering economically and depends on him.  (*Id.*)  Petitioner was re-detained on September 26, 2025, without any due process and remains in ICE custody at Golden State Annex in McFarland, California.  (*Id.* ¶¶ 1, 6, 34.)

Respondents contend that Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that he is not entitled to a bond hearing.  (Opp'n (ECF No. 9) at 2.)  Accordingly, Respondents request this Court deny the Motion for Temporary Restraining Order and/or Preliminary Injunction.

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his

2

favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

## DISCUSSION

This case is similar to *Doe v. Becerra*, in which this Court ruled that the petitioner, who was seeking asylum, had a protected liberty interest after being previously released on bond and was thus entitled to due process.  787 F. Supp. 3d 1083 (E.D. Cal. 2025).  For the reasons stated in *Doe*, Petitioner in this case is similarly entitled to the protection under the Due Process Clause of the Fifth Amendment.

## I.  Likelihood of Success on the Merits

Petitioner is likely to be successful on his claim that he is entitled to due process.  Petitioner asserts his re-detention was enacted without notice or an opportunity to be heard and that since re-detention, no neutral decisionmaker has determined that he is a danger or flight risk.  (*See generally* Pet.)  Respondents contend that, because of Petitioner's classification as an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2), he is not entitled to a bond hearing.  The Court disagrees.

Petitioner has a clear liberty interest in his continued release, *see Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), notwithstanding his asylum claim and the mandatory detention provisions of 8 U.S.C. § 1225(b)(1).  As explained in *Doe*, the Ninth Circuit has expressed "grave doubts" about the constitutionality of any statute that allows for arbitrary prolonged detention without process.  787 F. Supp. 3d at 1091 (quoting *Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018)).  Other district courts have found that individuals previously released on bond have due process liberty interests in freedom from confinement particularly where there is an absence of public safety

concerns or flight risk.  *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019); *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp 3d 1163, 1172–74 (W.D. Wash. 2023).  Here, Respondents have not identified any material concerns to warrant re-detention. (*See* Opp'n.)  Significantly, Petitioner has alleged that he was previously released on bond in 2018, which reflects a federal determination that he was not a danger to the community or a flight risk.  *See Doe*, 787 F. Supp. 3d at 1093 ("Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause.") (surveying cases).  To an even greater degree than the petitioner in *Doe*, Petitioner has established ties to the community after 31 years in the United States, 8 of those years following his release on bond.  (Pet. ¶ 23.)  Accordingly, Petitioner has established a strong likelihood of success in showing he has protected liberty interest in his continued release.

Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

As to Petitioner's substantial private interest, freedom from imprisonment is at the core of the Due Process Clause. *Zadvydas*, 533 U.S. at 690.  Over 31 years, Petitioner has built a life for himself and his family in the United States, who are suffering in his absence.  (Pet. ¶ 23.)  The depth of his family and community connections weigh in Petitioner's favor and, moreover, he has successfully remained out of custody on bond since 2018.  (*Id.*)  The risk of erroneous deprivation is considerable as Petitioner has not received a bond hearing since he was re-detained in September 2025, nor have Respondents asserted that Petitioner is a flight risk or a danger to the community.  Finally, the Government's interest in detention is low. *Ortega*, 415 F. Supp. 3d at 970; *see Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  The effort and cost to provide Petitioner with procedural safeguards is minimal

4

because he was previously provided with those safeguards.  Any additional burden does not outweigh Petitioner's substantial liberty interests and the risk of erroneous deprivation.

The Court concludes that Petitioner has established that he has a protected liberty interest under the Due Process Clause and that he was owed some process before his re-detention.

## II.  Irreparable Harm

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).  The Ninth Circuit has recognized that irreparable harm occurs in the "subpar medical and psychiatric care in ICE detention facilities." *Hernandez*, 872 F.3d at 995.  On this point, Petitioner has alleged that he is being held in "incarceration-like conditions."  (Pet. ¶ 33.)  Thus, Petitioner has adequately established irreparable harm.

## III. Balance of the Harms & the Public Interest

The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d at 1037 ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").  As discussed, Petitioner has established that he is suffering irreparable harm nor are Respondents harmed by being prevented from inflicting continuing constitutional violations.

**IV. Bond**

"The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  The Court has "discretion as to the amount of security required, if any," and it "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).  Because the "the [Government] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations," *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983), the Court finds that no security is required here.

<b>CONCLUSION</b>

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus, construed as a Motion for a Temporary Restraining Order (ECF No. 1), is converted to a Motion for a Preliminary Injunction and hereby GRANTED.

2. Respondents are ordered to immediately release Petitioner O.M.G. from custody.  Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a

danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

4. This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:   **February 5, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

7